ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| OLGA I. LUGO DELGADO<br><br>Peticionaria<br><br>v.<br><br>CORPORACIÓN DE SERVICIOS DE SALUD PRIMARIA Y DESARROLLO SOCIOECONÓMICO EL OTOAO (COSSAO) Y OTROS<br><br>Recurridos | KLCE202401361 | Certiorari procedente del Tribunal de Primera Instancia, Sala de Utuado<br><br>Caso Núm.: UT2024CV00390<br><br>Sobre: Incumplimiento de Contrato; Reclamación de Salarios; Daños y Perjuicios; Procedimiento Sumario Laboral (Ley Núm. 2 de 17 de octubre de 1961) |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de febrero de 2025.

Comparece ante nos Olga Lugo Delgado, (en adelante, Peticionaria), mediante recurso de *"Certiorari"*, presentado el 16 de diciembre de 2024. La Peticionaria nos solicita que revoquemos la *Resolución* dictada y notificada el 6 de diciembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Utuado (en adelante, TPI). Mediante dicha *Resolución*, el TPI declaró *No Ha Lugar* la *Solicitud de Sentencia en Rebeldía*, presentada por la Peticionaria el 12 de septiembre de 2024. Además, declaró *Ha Lugar* una solicitud de conversión de los procedimientos por la vía ordinaria.

Por los fundamentos que exponemos a continuación, *denegamos* el recurso ante nuestra consideración.

## I.

El 15 de agosto de 2024, la Peticionaria presentó una *Querella* sobre incumplimiento de contrato, reclamación de

salarios, y daños y perjuicios, en contra de la Corporación de Servicios de Salud Primaria y Desarrollo Socioeconómico El OTOAO (en adelante, COSSAO o Recurrida), al amparo de la Ley Núm. 2 de 17 de octubre de 1961, conocida como Ley de Procedimiento Sumario de Reclamaciones Laborales, 32 LPRA sec. 3118, *et seq.* (en adelante, Ley Núm. 2-1961). En esta, arguyó haber sido contratada por la Recurrida como asistente médico, mediante un contrato de servicios profesionales. Sostuvo que, el 22 de septiembre de 2023, recibió un correo electrónico en donde se le notificó que no debía presentarse a trabajar, debido al cierre de la clínica por motivos de construcción. Alegó haberse mantenido en comunicación con la Recurrida, pero indicó que nunca se le notificó que debía presentarse a cumplir con sus funciones. Además, expuso que, el 29 de febrero de 2024, venció su contrato y no percibió compensación conforme al mismo. Por tanto, solicitó el pago de su salario por el periodo del 30 de septiembre de 2023 hasta la terminación de su contrato, indemnización en concepto de daños y perjuicios por sufrimientos y angustias mentales, al igual que el pago de honorarios de abogado.

Así, el 21 de agosto de 2024, la Peticionaria notificó al TPI que había diligenciado el emplazamiento a la Recurrida. No obstante, el 30 de agosto de 2024, el señor Francisco Valentín Soto, presidente de la COSSAO, presentó una *Moción por Derecho Propio* e informó que asumía la representación legal de la Recurrida.

El 12 de septiembre de 2024, la Peticionaria presentó una *Solicitud de Sentencia en Rebeldía*. Mediante esta, arguyó que el término para que la Recurrida contestara la *Querella* había vencido, ya que esta no había comparecido al pleito, ni presentado

su alegación responsiva. A su vez, peticionó que se dictara sentencia a su favor, al amparo de la Ley Núm. 2-1961, *supra*.

En desacuerdo, la Recurrida presentó una moción con el propósito de impugnar el diligenciamiento del emplazamiento y solicitar la conversión del pleito a la vía ordinaria. En específico, alegó que el referido emplazamiento había sido efectuado en violación de un debido proceso de ley, por no incluir la hora en que se llevó a cabo, y por, alegadamente, no haber sido entregado a las personas indicadas. Por tanto, sostuvo que la Peticionaria no cumplió con un emplazamiento válido de conformidad con el derecho vigente. A su vez, arguyó que la Ley Núm. 2-1961, *supra*, no aplicaba a la controversia de epígrafe, por estar reservada para relaciones obrero-patronales, y por tratarse el caso de epígrafe de un reclamo contractual, en el cual no se podía invocar el procedimiento sumario. Por tanto, solicitó al TPI que ordenara que el proceso se tramitara por la vía ordinaria.

Así las cosas, el 4 de noviembre de 2024, el TPI celebró una vista evidenciaria para atender las controversias esbozadas.

Posteriormente, el 6 de diciembre de 2024, el TPI emitió la *Resolución* recurrida. Sostuvo que, tras evaluar la totalidad de las circunstancias, los planteamientos de la Recurrida, en cuanto al emplazamiento, eran inmateriales debido a que esta recibió el emplazamiento y compareció ante el TPI, mediante la *Moción por derecho propio* sometida por el presidente de la COSSAO. Por tanto, concluyó que la notificación de la *Querella* satisfizo el debido proceso de ley. Además, determinó que las alegaciones de la *Querella* no eran lo suficientemente claras para establecer que la Peticionaria era una empleada o una contratista independiente. Por exigir la querella el pago de los salarios como cumplimiento del contrato de servicios profesionales, determinó que la situación

fuese dilucidada por la vía ordinaria. Así, declaró *No Ha Lugar* la *Solicitud de Rebeldía*, *No Ha Lugar* a la impugnación del diligenciamiento, y *Ha Lugar* a la solicitud de conversión de los procedimientos por la vía ordinaria.

Inconforme, el 16 de diciembre de 2024, la Peticionaria presentó ante este foro apelativo, un "*Certiorari*", para que revisáramos dicha *Resolución*, y planteó los siguientes señalamientos de error:

(a) ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR A LA SOLICITUD DE SENTENCIA EN REBELDIA CONTRA LA PARTE RECURRIDA, A PESAR DE HABERSE INCUMPLIDO CON LOS TÉRMINOS DISPUESTOS POR LA LEY NÚM. 2 DE 1961, SUPRA.

(b) ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONVERTIR EL CASO AL PROCEDIMIENTO ORDINARIO.

El 20 de diciembre de 2024, emitimos una *Resolución* donde ordenamos a la Recurrida a presentar su posición en torno al presente recurso, en o antes del 10 de enero de 2025.

Transcurrido el término concedido, la Recurrida no presentó su alegato. Habiéndose perfeccionado el recurso para su adjudicación, resolvemos.

## II.

El auto de *Certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005). La característica distintiva de este recurso se asienta en la discreción

encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el auto de *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de esta naturaleza. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008).  La referida regla dispone que son los siguientes:

1. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

2. Si la situación de hechos planteada es la más indicada para el análisis del problema.

3. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

4. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

5. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

6. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

7. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III.

Conforme el derecho aplicable, no encontramos razón por la que debamos intervenir en el presente caso. No se configura

ninguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* y a la luz de los criterios establecidos en la Regla 40 de este tribunal, *supra,* que debemos evaluar, no encontramos justificación para intervenir.

El TPI declaró *No Ha Lugar* la impugnación del diligenciamiento del emplazamiento, por entender que la Recurrida había sido debidamente notificada sobre la naturaleza de la reclamación instada en su contra. En específico, concluyó que la Recurrida compareció al pleito, mediante la *Moción por derecho propio*, instada por el presidente de COSSAO. Así, al determinar que la Recurrida había comparecido adecuadamente al pleito, declaró *No Ha Lugar* la *Solicitud de Rebeldía*.

La querellada aparenta ser una corporación y si así lo fuera no puede comparecer por derecho propio. No obstante, ello, las controversias que surgen de la querella permiten que se atienda dicho reclamo como un caso ordinario.

Por su parte, el TPI declaró *Ha Lugar* a la solicitud de conversión de los procedimientos por la vía ordinaria y ordenó tramitar los procedimientos por la vía ordinaria.  Así las cosas, la determinación recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y de su facultad de manejar los casos de la manera que entiendan más adecuada, conforme las normas de derecho aplicables y los hechos ante su consideración.

En el caso <u>Berrios v. González</u> *et. Als.* 157 DPR 327 (2000), a la pág. 340 se indicó y citamos: ¨…los Tribunales de Instancia guardan discreción para determinar si la querella presentada por el obrero debe ser tramitada por la vía ordinaria, aun cuando el obrero reclamante considerara conveniente tramitar su reclamación de forma sumaria. ¨

Además, concluimos que el TPI no actuó de forma arbitraria o caprichosa, ni se equivocó en la interpretación o aplicación de las normas procesales o de derecho al ejercer su poder discrecional de tomar las medidas protectoras que entendió necesarias, por lo que no se justifica nuestra intervención en este caso.

## IV.

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones